


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTHONY COWIE,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>M.D. BITER, Warden,<br><br>　　　　　Respondent. | Case No. CV 13-0791-JFW (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files of this case, and the Report and Recommendation ("R&R") of the U.S. Magistrate Judge.  The R&R recommended that the Petition be dismissed both because it was untimely and for failure to prosecute given that Petitioner had not responded to the Magistrate Judge's Order to Show Cause concerning its timeliness.

　　　On August 19, 2013, Petitioner filed objections to the R&R, arguing that he had in fact filed a petition for writ of certiorari in the U.S. Supreme Court (the R&R stated that it "did not appear" he had done so) and claiming entitlement to equitable tolling because he is ignorant about the law and "it took time" to find a "jailhouse lawyer" to help him after he was transferred

to a new prison.[1] The Objections were not filed under penalty of perjury,[2] but he attached a letter from the Clerk of the U.S. Supreme Court indicating that he did file a petition for writ of certiorari, which was denied on January 9, 2012.

On August 23, 2013, the Magistrate Judge issued an order noting that even accepting Petitioner's representation concerning his filing of a petition for writ of certiorari as true, the one-year AEDPA limitation period still expired two weeks before he constructively filed his federal Petition. She gave Petitioner more than a month of additional time to file further objections to the R&R, but he did not do so.

As the Magistrate Judge noted, even assuming Petitioner

---

[1] Petitioner also asserts that he was housed in administrative segregation and had only limited access to the law library, with no librarian or other inmate to help him; it appears, however, that he offers those circumstances as an excuse for not responding to the Magistrate Judge's Order to Show Cause, not for filing his Petition late. Indeed, he states that he "submitted my writ & shortly got housed in ASU." (Objections at 1.) He then proceeds to explain the difficulties he faces while "currently" housed in ASU. (Id. at 2.) His subsequent housing in ASU cannot justify earlier filing his federal Petition late. In any event, he does not claim in his unsworn objections that he has ever been deprived of his legal files or complete access to the law library, so even had he been housed in ASU before the AEDPA deadline expired he would still not deserve equitable tolling. Cf. Knight v. Yates, No. CV F 07-00612 AWI SMS HC, 2007 WL 2695691, at *5-6 (E.D. Cal. Sept. 11, 2007) (allegations of limited law library access and no regular law librarian too conclusory to warrant equitable tolling, particularly when not supported by any actual evidence), accepted by 2007 WL 3340871 (E.D. Cal. Nov. 9, 2007).

[2] The Magistrate Judge had warned Petitioner in her Order to Show Cause that "[i]f Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts" demonstrating entitlement to it.

filed a petition for writ of certiorari and it was denied on January 9, 2012, the Petition, which was constructively filed on January 24, 2013, was nonetheless two weeks late. See Cray v. McDonald, No. CV 13-01419-JST (AN), 2013 WL 3923462, at *2 (C.D. Cal. July 29, 2013) (noting that when U.S. Supreme Court denies petition for writ of certiorari, one-year AEDPA limitation period begins running next day). Neither of Petitioner's asserted reasons for his delay constitutes an "extraordinary circumstance" warranting equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (ignorance of the law does not warrant equitable tolling); Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (no tolling for delay caused by "reliance on [inmate] helpers who were transferred or too busy"). Thus, the Petition was untimely by two weeks and must be dismissed on that basis.

    Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the Magistrate Judge's recommendation that the Petition be denied as untimely. IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: November 4, 2013

JOHN F. WALTER
U.S. DISTRICT JUDGE